## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## KANSAS CITY

MYISHA WEATHERSPOON,

                    Plaintiff

vs.

B&B GLADSTONE LLC d/b/a RNR TIRE EXPRESS,

                    Defendant.

Case Number: _____

JURY TRIAL DEMAND

## COMPLAINT

COMES NOW Plaintiff Myisha Weatherspoon ("Plaintiff"), by and through counsel, and for Plaintiff's causes of action against Defendant B&B Gladstone LLC d/b/a RNR Tire Express ("Defendant") states as follows:

1.      This is an action for damages alleging violations of the federal Electronic Funds Transfer Act and the Kansas Consumer Protection Act.

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

4.      Plaintiff is a citizen of Kansas.

5.      Defendant B&B Gladstone LLC d/b/a RNR Tire Express is a Missouri Limited Liability Company.

6.      At all times relevant hereto, Defendant B&B Gladstone LLC d/b/a RNR Tire Express was and is engaged in business by accepting payments from consumers, and enforcing consumer transactions, in the State of Kansas.

7.　　Prior to January 2023, Defendant sold tires to Plaintiff's sister, non-party Camisha Weatherspoon.

8.　　In January 2023, Plaintiff's sister owed money to Defendant B&B Gladstone LLC d/b/a RNR Tire Express.

9.　　In January 2023, Plaintiff telephoned Defendant and made a payment on the loan by giving Defendant Plaintiff's banking information to her account at Reliance Credit Union. Plaintiff did this because she had agreed to make one payment as a favor to her sister to avoid the account becoming delinquent.

10.　　In the January 2023 telephone call, Plaintiff specifically told Defendant that she was making only one payment and told Defendant not to save her banking information.

11.　　After the initial payment, on or about March 4, 2023, Defendant took six withdrawals totaling $120.00 from Plaintiff's account without her authority.

12.　　On September 16, 2023, Defendant took six withdrawals totaling $155.00 from Plaintiff's account without her authority.

13.　　Defendant's actions deprived Plaintiff of the possessory use of her money, and continue to deprive her of the time value of the money wrongfully taken from her deposit account.

## COUNT I
## VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendant states as follows:

14.　　The EFTA is a federal statute which regulates electronic fund transfers—in particular, preauthorized transfers—initiated by consumers through financial institutions. *See* 15 U.S.C. § 1693 *et seq*.

15.　　"The EFTA, like the [Truth-in-Lending-Act] and other [Consumer Credit

Protection Act] provisions, is a remedial statute accorded a broad, liberal construction in favor of the consumer." *Bultemeyer v. Fitness Alliance, LLC*, No. CV-12-2619-PHX-LOA, 2014 WL 667585, at *3 (D. Ariz. Feb. 20, 2014).

16.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(5) and 12 C.F.R. § 205.1(e).

17.    On or about March 4, 2023 Defendant B&B Gladstone LLC d/b/a RNR Tire Express drafted $120.00 from Plaintiff' bank account in Johnson County, Kansas without authority.

18.    On or about September 26, 2023 Defendant B&B Gladstone LLC d/b/a RNR Tire Express drafted $155.00 from Plaintiff' bank account in Johnson County, Kansas without authority.

19.    This amount exceeded what the Parties contracted to allow as a preauthorized electronic fund transfer.

20.    On information and belief Defendant violated 15 U.S.C. § 1693e(a) by initiating electronic fund transfers from Plaintiff's bank account without first obtaining Plaintiff's written authorization signed or similarly authenticated and by failing to provide a copy of such authorization to her.

21.    Further, Defendant B&B Gladstone LLC d/b/a RNR Tire Express's conduct, as described herein, violates 15 U.S.C. § 1693h(a) in that Defendant failed to make or stop an electronic fund transfer in accordance with the terms and conditions of an account or when instructed to do so in accordance with the terms and conditions of the account.

22.    The conduct of Defendant B&B Gladstone LLC d/b/a RNR Tire Express was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries,

actual damages including frustration, anger, embarrassment, and mental anguish and emotional distress and other harm to the Plaintiff that are outlined more fully above, and as a result Defendant is liable for the full amount of statutory, and actual damages, along with attorneys' fees and costs, as well as such further relief as may be permitted by law.

WHEREFORE, Plaintiff respectfully pray that judgment be entered against the Defendant B&B Gladstone LLC d/b/a RNR Tire Express for actual damages and statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3); and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT

COMES NOW Plaintiff, and as for Count II against Defendant B&B Gladstone LLC d/b/a RNR Tire Express, states and alleges as follows:

23.     Plaintiff hereby incorporates all other paragraphs herein.

24.     This Court has jurisdiction under K.S.A. § 50-601, *et seq.*, the Kansas Consumer Protection Act ("KCPA").

25.     Venue and personal jurisdiction are proper in this Court under K.S.A. § 50-638(b) because Defendant has engaged in collection activities in Kansas.

26.     Plaintiff is an individual within the meaning of the Kansas Consumer Protection Act.

27.     Plaintiff is a consumer as defined by K.S.A. § 50-624(b) (2001).

28.     Defendant is a supplier as defined by K.S.A. § 50-624(i) (2009) because it engages in or enforces consumer transactions.

29.     The transaction is a consumer transaction as defined by K.S.A. § 50-624(c) (2011) in that it was for personal, family, or household purposes.

30.    K.S.A § 50-626 (2011) provides:

   *(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.*

31.    K.S.A § 50-626 (2009) provides a non-exhaustive list of deceptive practices, a few of which are:

   *(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:*

   *(1)   Representations made knowingly or with reason to know that: (B) the supplier has a . . . status . . . that the supplier does not have;*

   *(3)   The willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . [.]*

   *(8)   Falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer . . . obligations.*

32.    K.S.A § 50-627 provides that *"(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."*

33.    K.S.A § 50-627 provides that in determining whether an act or practice is unconscionable, the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

   *(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

   *(3) the consumer was unable to receive a material benefit from the subject of the transaction;*

34.    Defendant's acts and omissions violated K.S.A. § 50-627 cited above and were

unconscionable acts under the Kansas Consumer Protection Act.

35.     Defendant's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

36.     Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. § 50-623, et seq.

37.     Because of Defendant's deceptive acts, Plaintiff is an aggrieved consumer, has suffered loss and been harmed, has incurred actual damages, and has incurred attorneys' fees.

38.     Under K.SA. § 50-634(e)(1), Plaintiff is entitled to reasonable attorneys' fees against Defendant for having prosecuted this action.

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant and requests the Court:

a.     Issue a declaratory judgment that Defendant has violated the Kansas Consumer Protection Act under K.S.A. § 50-634(a)(1);

b.     Award actual damages and restitution to Plaintiff;

c.     If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation under K.S.A. § 50-634(b) and K.S.A. § 50-636 for every violation of the Kansas Consumer Protection Act;

d.     Issue an injunction against Defendant precluding it from continuing the above-described conduct under K.S.A. § 50-634(a)(2);

e.     Award costs and reasonable attorneys' fees, under K.S.A. §5 0-634; and

f.     Such other and further relief as the Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by Jury on all issues so triable.

*Respectfully Submitted,*

By: /s/ A.J. Stecklein

A.J. Stecklein                           KS#16330
Matthew S. Robertson               KS#27254
STECKLEIN LAW OFFICE, CHTD
1503 Westport Road
Kansas City, MO  64111
Telephone: 913-371-0727
Facsimile:  913-371-0727
Email:  aj@kcconsumerlawyer.com
              msr@kcconsumerlawyer.com
**Attorneys for Plaintiff**